UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAURICE ANTONIO FUTCH,

          Petitioner,

vs.                                                                       Case No.:    3:15-cv-1077-J-34JRK
                                                                            3:12-cr-163-J-34JRK

UNITED STATES OF AMERICA,

          Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Maurice Antonio Futch's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1, Motion to Vacate).[1] The United States has responded. (Doc. 4, Response). Futch asserts that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his sentence under the Armed Career Criminal Act (ACCA) is unlawful, and he must be re-sentenced. The United States agrees. (Response at 1).

Petitioner pled guilty to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), and the Court determined that Futch qualified to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). Futch's ACCA sentence was based on three prior convictions for the following Florida offenses: (1) sale or delivery of cocaine, (2) aggravated fleeing or attempting to elude a law enforcement officer, and (3) felony fleeing or eluding. (See Response at 3). The second conviction –

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Maurice Antonio Futch, Case No. 3:12-cr-163-J-34JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:15-cv-1077-J-34JRK, will be denoted as "Doc. __."

1

for aggravated fleeing and eluding – qualified as a "violent felony" only under the ACCA's "residual clause." (See Response at 4) (citing United States v. Adams, ⎯⎯ F.3d ⎯⎯, 2016 WL 125271 (11th Cir. Jan. 12, 2016). Based on a final offense level of 30, a Criminal History Category of V, and the ACCA's 15-year mandatory minimum, the Court determined that Futch's advisory sentencing range under the United States Sentencing Guidelines was a term of 180 to 188 months in prison. (Doc. 4-1, Sentencing Tr. at 6).[2] Because Futch had assisted the United States in prosecuting other illegal activity, however, the United States moved for a substantial assistance reduction pursuant to 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, and Federal Rule of Criminal Procedure 35. (Crim. Doc. 72, Substantial Assistance Motion). The Court granted the motion and sentenced Futch below the mandatory minimum to a term of 110 months in prison. (Sentencing Tr. at 18-20). Futch did not appeal his sentence, nor has he previously moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

On June 26, 2015, the Supreme Court held that the ACCA's "residual clause," which formed part of the definition of a "violent felony," was unconstitutionally vague. Johnson, 135 S. Ct. at 2556-60, 2563. About two months later, on August 28, 2015, Futch filed the instant § 2255 motion, in which he argued that, in light of Johnson and the fact that at least one of his ACCA predicate offenses qualified only under the residual clause, he was sentenced in violation of the Constitution and laws of the United States. As such, Futch seeks to be resentenced without application of the Armed Career Criminal Act. (See Motion to Vacate at 8-9). Futch further contends that Johnson applies

---

[2] A typographical error in the transcript states that the advisory sentencing range was 100 to 188 months in prison. (See id.). In light of the ACCA's 15-year mandatory minimum, that number should have been 180 to 188 months.

retroactively on collateral review, and that he should benefit from that holding. (Id. at 5-8). The United States agrees with Futch that "he should be resentenced without the ACCA enhancement," and that Johnson applies retroactively. (Response at 4).[3]

In consideration of the record before the Court, it appears that designating Futch as an "armed career criminal" on the basis of a statutory subsection that the Supreme Court has deemed to be violative of due process was "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As such, the Motion to Vacate is due to be granted to the extent that Futch's sentence will be vacated and set aside, and he will appear before the Court for a new sentencing hearing. For that purpose, the Court will make arrangements to appoint counsel for Futch and thereafter conduct a re-sentencing hearing.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Maurice Antonio Futch's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **GRANTED**.

2. In short order, the Court will:

    a. enter an order in the related criminal case vacating the original judgment

---

[3] In particular, the parties agree that Johnson applies retroactively to a first § 2255 motion to vacate such as Futch's. Notably, the Eleventh Circuit's decision in In re Rivero, 797 F.3d 986 (11th Cir. 2015), is not controlling. In re Rivero only held that the Supreme Court itself had not made Johnson retroactive for the purpose of authorizing a "second or successive" motion to vacate, pursuant to 28 U.S.C. § 2255(h)(2). In re Rivero did not hold that Johnson could not apply retroactively to a first motion to vacate, but rather suggested that Johnson would apply retroactively to an initial § 2255 motion. In re Rivero, 797 F.3d at 988-89, 991. Indeed, unlike with § 2255(h)(2), where only the Supreme Court can make the retroactivity determination, any court can determine that a Supreme Court decision applies retroactively for purposes of a first motion to vacate. See Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004).

       and sentence;

    b. appoint counsel to represent Futch;

    c. arrange for the preparation of a revised presentence investigation report; and

    d. set a schedule for sentencing memoranda and a re-sentencing hearing.

3. This Order does not affect Futch's adjudication of guilt (see Crim. Doc. 33) for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).

4. The Clerk of Court is directed to enter judgment in favor of Futch to the extent that his sentence is vacated. The Clerk of Court is further directed to terminate all pending motions as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of February, 2016.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Maurice Antonio Futch